**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ROBERT C. WAITERS, SR.,
Individually and as Personal
Representative of the Estate of
Dwayne K. Waiters, Deceased;
JUANITA F. WAITERS; SENEE P.
WAITERS, as Parent and Next Friend
of Kenneth A. Brown, and
Shanta'zia P. Brown, Minors,
          *Plaintiffs-Appellants,*

          v.

PRINCE GEORGE'S COUNTY,
MARYLAND; ROBERT P.
HETTENHOUSER, Corporal; COREY
JOYNER, Officer,
          *Defendants-Appellees.*

COALITION OF CONCERNED BLACK
CHRISTIAN MEN,
          *Amicus Curiae.*

No. 02-1276

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messite, District Judge.
(CA-00-3495-PJM)

Submitted: October 23, 2002

Decided: November 7, 2002

Before LUTTIG, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

**COUNSEL**

L. Palmer Foret, HOLTZ & FORET, L.L.C., Chevy Chase, Maryland, for Appellants. Leonard L. Lucchi, County Attorney, Jay H. Creech, Acting Deputy County Attorney, Upper Marlboro, Maryland, for Appellees. Barbara R. Arnwine, Thomas J. Henderson, Anita S. Hodgkiss, Sandra C. Ruffin, LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW, Washington, D.C., for Amicus Curiae.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

The family of Dwayne K. Waiters ("the Family") appeals the district court's order awarding summary judgment in favor of Defendants Prince George's County and Officers Robert Hettenhouser and Corey Joyner. The Family brought an excessive force claim pursuant to 42 U.S.C. § 1983 (2000), following the shooting death of Dwayne Waiters by Officers Hettenhouser and Joyner. The district court granted summary judgment to the Defendants. On appeal, the Family claims that the award of summary judgment was premature because alleged discrepancies between the deposition testimony of the two officers created issues of material fact that should have foreclosed summary judgment.*

We review de novo a district court's grant of summary judgment. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988).

In the context of an excessive force claim, not every discrepancy

---

*We are also in receipt of and have reviewed the brief filed by amicus curiae.

creates a triable issue of fact. *Sigman v. Town of Chapel Hill*, 161 F.3d 782, 787 (4th Cir. 1998) (noting that it will nearly always be the case that witnesses will differ over what occurred). In this matter, Officer Joyner testified that Waiters lunged at the officers while reaching for a table knife. Officer Hettenhouser testified initially that Waiters grabbed the knife, but later clarified his response to indicate that he was unsure whether Waiters actually picked up the knife. The Family contends that this discrepancy should be evaluated by the trier of fact. However, as the district court noted, whether Waiters picked up the knife was not dispositive. Rather, the proper inquiry is whether the officers reasonably and objectively believed that their safety was in danger. *See Sigman v. Town of Chapel Hill*, 161 F.3d 782, 786-87 (4th Cir. 1998). On the facts of this case, we agree with the district court's conclusion that the officers reasonably believed they were in danger. We also conclude that the officers' continued use of force did not convert an objectively reasonable response into an unreasonable one. *See Elliott v. Leavitt*, 99 F.3d 640, 643 (4th Cir. 1996) (noting that use of multiple shots is not indication of mindlessness so much as an intention to ensure elimination of a deadly threat).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*